HORTON v. THE ST. LOUIS, IRON MOUNTAIN & SOUTHERN RY. CO., *Appellant.*

1. **Judgment in Excess of Amount Claimed**: PRACTICE. The measure of plaintiff's recovery is governed by the amount claimed and where the judgment is in excess of that amount it will be reversed.

2. **Appeal**: JUDGMENT: DEFAULT. An appeal taken from a judgment by default in a justice's court without moving to set the judgment aside may be dismissed on motion in the circuit court.

*Appeal from St. Francois Circuit Court.*—Hon. J. D. Fox, Judge.

REVERSED.

*Smith & Krauthoff* with *Thos J. Portis* for appellant.

(1) The judgment of the court below is erroneous upon its face. Plaintiff was only entitled to have the case tried at the first term or continued at the cost of the appellant. R. S., § 3056. He was only entitled to an affirmance for failure to give the required notice at least ten days before the second term. R. S., § 3057. "A judgment of affirmance for want of prosecution cannot be taken at the return term of the appeal." *Nay v. Ry. Co.*, 51 Mo. 575; *Riddle v. Gillespie*, 67 Mo. 627. (2) The judgment was in excess of the amount sued for and cannot be sustained.

*W. R. Taylor* for respondent.

(1) The judgment for plaintiff for $55.20, the amount of damages claimed and the costs before the justice, was regular and right. R. S., §§ 3056, 3062; *Nay v. Ry. Co.*, 51 Mo. 575; Whittelsey's Prac., p. 599, § 471. (2) The Supreme Court will not reverse the judg-

ment because of immaterial errors not affecting the merits of the action.   R. S., § 3775 ;  *Wilber v. Newman,* 41 Mo. 509 ;  *Orth v. Dorschlein,* 32 Mo. 366.   Defendant not having filed a motion for new trial or in arrest of judgment, the errors complained of will not be entertained by this court.   R. S., § 3774 ;  *Bank v. Allen,* 68 Mo. 474 ;  *Lancaster v. Ins. Co.,* 62 Mo. 121 ;  *State ex rel. Rucker v. Rucker,* 59 Mo. 17.

NORTON, J.—This suit was instituted before a justice of the peace in St. Francois county, to recover double damages for the alleged killing of plaintiff's cow.  On the 17th of April, 1882, plaintiff obtained judgment by default, from which the defendant, (according to the record before us) without first making a motion to set aside the judgment by default, on the 21st of April, 1882, appealed to the circuit court, which appeal was returnable to the May term, 1882, of said court.   There having been no notice of said appeal, plaintiff and appellee on the second day of said term entered his appearance, and by leave of court amended his statement, whereupon defendant, also, appeared and filed a motion to strike out the amended statement which was overruled ; whereupon defendant withdrew from the case, and the court, on plaintiff's motion, affirmed the judgment of the justice and rendered judgment for $55.20.

From this judgment defendant appeals, and as no motion for new trial was made, we can only look to the record proper for the discovery of error, and the only one that appears, which we deem it necessary to consider is that the judgment shows on its face that it is for $55.20, which is $5.20 in excess of the amount of damages claimed by plaintiff in his statement, and as the measure of plaintiff's recovery is governed by the amount claimed, and for the reason that the judgment is in excess of that amount the judgment must be reversed and cause remanded, when defendant's appeal from the judgment of the justice may be dismissed, on a proper motion

made by plaintiff based on the ground that no motion was made in the justice's court to set aside the judgment by default, before the appeal was taken. All concur.